UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS DALE CATCHINGS,

          Plaintiff,

   v.

SHERRI FLETCHER, et al.,

          Defendants.

No.  2:21-cv-0879 TLN DB

ORDER

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants failed to provide adequate medical treatment in violation of his Eighth Amendment rights.

    On March 10, 2022, defendants filed a motion to revoke plaintiff's in forma pauperis status.  (ECF No. 21.)  Plaintiff has not filed an opposition or statement of non-opposition.  By order dated May 8, 2022, plaintiff was ordered to file an opposition or statement of non-opposition within thirty days.  (ECF No. 26.)  He was advised that failure to comply with the order would result in a recommendation that this action be dismissed for failure to comply with court orders and failure to prosecute.  Those thirty days have passed and plaintiff has not filed an opposition or statement of non-opposition, requested additional time to do so, or otherwise responded to the court's order.  In light of plaintiff's failure to respond, the undersigned will recommend that this action be dismissed for failure to comply with court orders.

1

1    **I.      Legal Standards**

2         "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

3    action for failure to comply with any order of the court." Ferdik v. Bozelet, 963 F.2d 1258, 1260

4    (9th Cir. 1992).  In Ferdik, the Ninth Circuit Court Appeals held that the district court did not

5    abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an

6    amended complaint.  The court explained that, in deciding whether to dismiss a case for a

7    litigant's failure to comply with a court order, the district court must weigh five factors: "(1) the

8    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

9    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

10   their merits; (5) the availability of less drastic alternatives." Id. at 1260-61 (quotation and

11   citations omitted).

12   **II.     Analysis**

13        **A.  Public's Interest in Expeditious Resolution of Litigation**

14        "The public's interest in expeditious resolution of litigation always favors dismissal."

15   Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

16        This action has been pending since April 18, 2021.[1]  (ECF No. 1 at 6.)  Defendants filed

17   their motion to revoke plaintiff's in forma pauperis status on March 10, 2021.  (ECF No. 21.)

18   Since that time plaintiff has not filed an opposition, statement of non-opposition, requested

19   additional time to file an opposition, or otherwise responded to the court's order.  Plaintiff's

20   failure to respond has prevented this action from moving forward.  Accordingly, this factor favors

21   dismissal.

22        **B.  Court's Need to Manage its Docket**

23        "District courts have the inherent power to control their dockets. In the exercise of that

24   power they may impose sanctions including, where appropriate, default or dismissal." Thompson

25   ////

26   _____

27   [1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs
     the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276
     (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir.

28   2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1   v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S.

2   626, 630 (1961)).

3   **C.  Risk of Prejudice to Defendants**

4   "To prove prejudice, a defendant must establish that plaintiff's actions impaired

5   defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

6   case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal

7   Service, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently

8   prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish, 191 F.3d at 991.)

9   Plaintiff's failure to oppose defendants' motion prevents defendants from addressing the

10  merits of plaintiff's claims and unnecessarily delays resolution of this action, forcing defendants

11  to incur additional time and expense.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994)

12  ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by

13  itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant

14  from the failure . . . The law presumes injury from unreasonable delay.'" (quoting Anderson v.

15  Air West, 542 F.2d 522, 524 (9th Cir. 1976)).  Accordingly, the risk of prejudice to defendants

16  supports dismissal of this action.

17  **D.  Availability of Less Drastic Alternatives**

18  Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to

19  meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v.

20  Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

21  By order May 8, 2022, plaintiff was warned that failure to file an opposition or statement

22  of non-opposition within thirty days would result in a recommendation that this action be

23  dismissed.  (ECF No. 26.)  In light of the warning plaintiff received, the court finds this factor

24  supports dismissal.

25  **E.  Public Policy Favoring Disposition of Cases on Their Merits**

26  Public policy favors disposition of cases on the merits.  Thus, this factor weighs against

27  dismissal.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

28  ////

3

1    Four of the five <u>Ferdik</u> factors support dismissal, and thus, outweigh the general public

2    policy favoring disposition on the merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.  Accordingly, the

3    undersigned will recommend that this action be dismissed for failure to comply with court orders

4    and failure to prosecute.

5    **III.    Conclusion**

6    For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

7    1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 21) be

8    denied as moot; and

9    2.  This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

10   These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15   objections shall be filed and served within fourteen days after service of the objections.  The

16   parties are advised that the failure to file objections within the specified time may waive the right

17   to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18   Dated: July 6, 2022

21   _____

22   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

28   DB:12
     DB/DB Prisoner Inbox/Civil Rights/S/catc0879.no oppo.fr

4